IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CORNELL WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:08-CV-57 (WLS) |
| | : | |
| | : | |
| VS. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| | : | |
| JAMES E. DONALD; GEORGIA | : | |
| DEPARTMENT OF CORRECTIONS; | : | |
| GEORGIA DEPARTMENT OF | : | |
| CORRECTIONS' HEALTH SERVICE | : | |
| CONTRACTORS, | : | |
| | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **CORNELL WILLIAMS**, a prisoner at Autry State Prison in Pelham, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis* to the extent that he seeks injunctive relief and damages against officials at Autry State Prison.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

A. Allegations regarding lack of medical care from 1991 to 2003

Based on his allegations, plaintiff has been in and out of prison on numerous occasions. He alleges a failure to diagnose his serious medical condition starting in 1991; he was then released on parole in 1993. Plaintiff was incarcerated again at some point in 1995 and he alleges a failure to diagnose and treat his condition in 1995; following this, he was paroled again in 1999. Plaintiff was again incarcerated in 2000 and he alleges another failure to treat his serious medical condition. Plaintiff was again paroled in 2003.

All of these alleged failures to treat and/or diagnose plaintiff's medical condition are barred by the applicable statute of limitations. 42 U.S.C. § 1983 claims are governed by the state limitations statute governing personal injury actions. ***Wilson v. Garcia***, 471 U.S. 261 (1985). In Georgia, the statute of limitations for personal injury claims is two years. Therefore, these claims that arose between 1991 and 2003 are time-barred under the applicable Georgia statute of limitations.

Accordingly, the undersigned **RECOMMENDS** that plaintiff's claims regarding a failure to diagnose and treat his medical condition between 1991 and 2003 be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this

recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

B.  Claims against officials at Washington State Prison

Plaintiff also claims that in 2006 he was incarcerated at Washington State Prison.  At this time, he states that he told Nurse Bush, Ms. Brantley, Counselor Mickler, and Warden Roberts about his medical problems.  However, they refused to help him.  Plaintiff has been transferred from this institution.  The Court notes that plaintiff is seeking leave to proceed *in forma pauperis*.

The Prison Litigation Reform Act provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

Plaintiff has had at least three prior actions dismissed as frivolous pursuant to 28 U.S.C. § 1915 for frivolity or for failure to state a claim upon which relief can be granted: (1) *Williams v. Garner*, 1:96-CV-1478-MHS (N. D. Ga. Sept. 4, 1996); (2) *Williams v. GDOC*, 1:97-CV-258-MHS (N. D. Ga.. Sept. 25, 1997); and (3) *Williams v. GDOC*, No. 97-9129 (11th Cir. Jan. 20, 1998). Because plaintiff has had three (3) prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g).  Plaintiff complains about a lack of medical care at Washington State Prison, but he has been transferred from this facility.  Because plaintiff is no longer confined at Washington State Prison, his allegations regarding a lack of care at this facility do not show "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner must show a present "imminent danger," as opposed to a past danger to proceed under § 1915(g)).

Therefore, plaintiff may not proceed *in forma pauperis* against these defendants for past harm. It is **RECOMMENDED** that plaintiff's claims against these defendants be dismissed without prejudice. If plaintiff wishes to bring a new civil rights action against these defendants, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

C. Claims against James E. Donald, the Georgia Department of Corrections, and the Georgia
Department of Corrections' Health Service Contractors

Although plaintiff names individual defendants in the body of his complaint and supplemental complaint, in the heading of each he names only James E. Donald, Georgia Department of Corrections, and Georgia Department of Corrections Health Service Contractors as defendants. These are not proper defendants. First, in relation to James Donald, although plaintiff has named him in the heading of the complaint and supplement, he makes no allegations against him. A § 1983 claim must allege a causal connection between a defendant and an alleged constitutional violation. See *Zatler v. Wainwright*, 802 F.d 397, 401 (11th Cir. 1986). James Donald is subject to dismissal on this ground alone.

Moreover, to any extent that plaintiff is attempting to hold James Donald responsible for the actions of prison officials, it is well settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080 (11th Cir. 1986). Instead the plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett*, 786 F.2d at 1086-87. "The causal connection can be

established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990), *cert. denied*, 500 U.S. 933 (1991).

Plaintiff does not allege that James Donald was personally involved in any of his alleged constitutional deprivations. Moreover, plaintiff's assertions do not establish the causal connection necessary to hold this defendant responsible for the plaintiff's alleged constitutional deprivations.

In relation to the Georgia Department of Corrections, a state and its agencies are not "persons" who may be sued under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

In relation to the Georgia Department of Corrections' Health Service Contractors, there is simply no way for the court to identify and serve such vague entities. The Court has no way of determining the names or identities of such contractors.

Therefore, the Undersigned **RECOMMENDS** that James Donald, the Georgia Department of Corrections, and the Georgia Department of Corrections' Health Service Contractors be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

**SO RECOMMENDED**, this 1st day of July, 2008.


*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


lnb