**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

|  |  |  |
|---|---|---|
| **CORNELL WILLIAMS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| **VS.** | : | **NO.  1:08-CV-57 (WLS)** |
| | : | |
| **JAMES E. DONALD,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

## RECOMMENDATION

This is a § 1983 action brought by a State of Georgia prisoner presently confined at Macon State Prison in Oglethorpe, Georgia.  However, when he filed his complaint, which he signed on April 9, 2008, he was an inmate at Autry State Prison near Pelham, Georgia (doc. # 1 and supplemented by order of this court on or about June 13, 2008, at doc. # 6).  Plaintiff is alleging deliberate indifference to a serious medical condition about which he has been complaining to various prison officials at various Georgia prisons since at least 1991.  Plaintiff alleges that exposure to the cold causes him abdominal, kidney and testicular pain coupled with a weight loss of 20 pounds.

Presently pending herein is a pre-answer motion to dismiss based upon plaintiff's failure to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") prior to seeking relief in Federal court.  This motion is brought by defendant Keith Jones, who was the Deputy Warden of Care and Treatment at Autry State Prison at the time of plaintiff's arrival at that institution on October 30, 2007, until May 1, 2008 (doc. 11-3, ¶ 4).  In his brief in support of his motion defendant Jones also raises other reasons why his motion to dismiss should be granted.  However, since the failure to exhaust available administrative

remedies is the most judicially economical and mandates the granting of the motion, that will be the only argument discussed in this recommendation.

Before addressing the merits of the failure to exhaust argument, a bit of clarification is in order. On pages two and three of defendant's brief in support of his motion it is stated that the undersigned has essentially dismissed all claims and parties with the exception of defendant Jones and Dr. Brown (doc. 11-2, pp. 2-3). This is incorrect. On July 1, 2008, the undersigned recommended to the United States District Judge to whom this matter is assigned that all claims and parties other than the claims maintained against defendants Jones and Brown be dismissed for the reasons stated in the recommendation (doc. # 7). That recommendation has not been addressed by the District Judge at the time of this writing. While the undersigned is quite confident that the recommendation will be adopted, those other defendants addressed in the recommendation, while not yet served with the complaint, have not been dismissed as parties in this action.

Although the undersigned ordered that defendants Jones and Brown be served with the complaint, Dr. Brown has not yet been served. The United States Marshal's service form has been filed, after personal service was attempted,  with the written indication placed thereon that there is no Dr. Brown on staff at Autry State Prison. Plaintiff has been informed of this fact by letter and advised that it is his responsibility to provide the court with a good service address for those individuals he chooses to name as defendants. This plaintiff has failed to do. A notice will be provided to the plaintiff that his failure to provide a good service address for this defendant by a day certain will result in a recommendation of dismissal as to defendant Brown pursuant to Federal Rule of Civil Procedure 4(m).

Title 42 U.S.C. § 1997e(a), part of the PLRA provides as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States, 42 U.S.C. §1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

There is no doubt but that a prisoner must fully exhaust all of his available administrative remedies as required by the PLRA **before** seeking relief in Federal court (emphasis added). *See* . Woodford v. Ngo, 126 S. Ct. 2378 (2006); Porter v. Nussle, 122 S. Ct. 983 (2002); Booth v. Churner, 121 S. Ct. 1819 (2001); Bryant v. Rich, 530 F.3d 1368 (11th Cir 2008); Higginbottom v. Carter, 223 F.3d 1259 (11th Cir. 2000) Harper v. Jenkin, 179 F. 3d 1311 (11th Cir. 1999); Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998); Alexander v. Hawk, 159 F.3d 1321 (11th Cir 1998).   This list of Federal cases clearly requiring exhaustion is by no means complete.

On June 20, 2008, the opinion in Bryant v. Rich, 530 F.3d 1368 (11th Cir. 2008) was announced.  Among other things, that opinion held, "[w]here exhaustion - like jurisdiction, venue, and service of process - is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  Thus, it is proper for the court to rely on matters outside the pleadings to resolve a pre-anser motion to dismiss predicated upon a failure to exhaust administrative remedies prior to filing suit as such is not a merit based decision and both sides have had an opportunity to develop the record.  The court may therefore consider the affidavit of defendant Jones as it relates to the issue of exhaustion.

The sole defendant moving for dismissal at this time on failure to exhaust grounds is

3

Kevin Jones, Deputy Warden of Care and Treatment at Autry State Prison from the date of plaintiff's arrival at the institution on October 30, 2007, until plaintiff signed the instant original complaint on April 9, 2008.  As Deputy Warden of Care and Treatment defendant Jones was in charge of the grievance procedure at Autry State Prison and the institutional Grievance Coordinator was under his supervision (doc. 11-3, affidavit of defendant Jones, ¶5).  Thus, the gravamen of plaintiff's instant complaint against defendant Jones is his perceived deliberate indifference by this defendant to a perceived serious medical condition between his arrival at Autry State Prison on October 30, 2007, and the signing of his complaint on April 9, 2008 and afterwards.

The only grievance filed by plaintiff at Autry State Prison prior to his signing his complaint occurred on or about November 29, 2007, and dealt with a guard opening his cell door and allegedly allowing another inmate to steal his property.  The only other grievance filed by plaintiff at Autry occurred on August 4, 2008, and dealt with the length of time a check was held for clearance.  Plaintiff filed no grievance pertaining to medical treatment from the date of his arrival at the institution until the date defendant Jones signed his affidavit, September 11, 2008 (doc. # 11-3, ¶ 8).

Plaintiff addresses the grievance issue on pages three and four of his response to defendant Jones' motion (doc. # 16).  There he admits that he filed no medical related grievances at Autry State Prison.  His stated reasons for not doing so was that he had grieved this issue in the past at other prisons to no avail, and that he wrote letters to Jones and other officials at Autry in an attempt to resolve the problem.  Simply put this is insufficient.  The prison officials at Autry State Prison have not had the opportunity to attempt to resolve plaintiff's complaints as they

would have had he availed himself of the grievance system at that institution prior to suit being filed. As set out above, the precedent established on this issue by the United States Supreme Court and the Eleventh Circuit Court of Appeals is clear – upon proper motion as here, plaintiff's complaint must be dismissed as to defendant Jones. IT IS SO RECOMMENDED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

   **SO RECOMMENDED,** this 21ˢᵗ day of April 2009.


         */s/ Richard L. Hodge*    
         RICHARD L. HODGE
         UNITED STATES MAGISTRATE JUDGE