IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CORNELL WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 1:08-CV-57 (WLS) |
| | : | |
| JAMES E. DONALD, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

Before the Court are three Reports and Recommendations from United States Magistrate Judge Richard L Hodge, one of which was filed July 1, 2008, and the remaining two filed April 21, 2009. (Doc. 7; Doc. 40; Doc. 42).

I.    July 1, 2008 Recommendation: Dismissal Pursuant to 28 U.S.C. § 1915

Pursuant to 28 U.S.C. § 1915A, Judge Hodge conducted a review of Plaintiff's claims and recommended that Plaintiff's claims relating to a failure to diagnose and treat Plaintiff's alleged medical condition between 1991 and 2003 be **DISMISSED**. Judge Hodge also recommended that claims against officials at Washington State Prison be **DISMISSED**. Judge Hodge also recommended that Defendants James E. Donald, Georgia Department of Corrections, and Georgia Department of Corrections' Health Service Contractors be **DISMISSED** as parties. Plaintiff timely filed an objection to the Report and Recommendation on July 17, 2008. (Doc. 10). For the following reasons, Plaintiff's Objections (Doc. 10) are **OVERRULED** and United States Magistrate Judge Hodge's Report and Recommendation (Doc. 7) is **ACCEPTED, ADOPTED** and made the Order of this Court.

1

Plaintiff's Complaint (Doc. 7) alleges 42 U.S.C. § 1983 claims against multiple defendants. Judge Hodge found that some of Plaintiff's claims arose between 1991 and 2003, and, therefore, were time-barred by the applicable two-year statue of limitations. Thus, Judge Hodge found that Plaintiff's claims regarding lack of medical care from 1991 to 2003 should be dismissed. Plaintiff's objection states that the statute of limitations should have been tolled and asserts that the incidents are inseparable because Department of Corrections' doctors and health services personnel "failed to recognize an initial mistake." Plaintiff's contention is inapplicable to his complaint. As Judge Hodge stated, Plaintiff was in and out of prison on numerous occasions, including time on parole. The separate stints in prison during which Plaintiff alleged that Defendants failed to treat his serious medical condition are each subject to a two-year statute of limitations period. Further, Plaintiff has not alleged any act sufficient to toll the statute of limitations.

Plaintiff claims that he was subjected to a lack of medical care at Washington State Prison in 2006. Since Plaintiff has had three (3) prior frivolous dismissals pursuant to 28 U.S.C. § 1915, he cannot proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). Judge Hodge found that Plaintiff could not meet that exception, since he was transferred from Washington State prison, and, thus, was not in imminent danger. Accordingly, Judge Hodge recommended that Plaintiff's claims against defendants at Washington State Prison be dismissed.[1] Plaintiff's objection states that "if there is probably harm at Autry State Prison, and was at the Washington Prison, the same harm exists at all Georgia state prisons" [sic]. This vague incantation and the remainder of

---

[1] Judge Hodge also noted that Plaintiff could proceed against defendants at Washington State Prison for past harm by submitting new complaint forms and the entire filing fee at the time of filing the complaint.

2

Plaintiff's general objection are insufficient to rebut Judge Hodge's findings that Plaintiff's allegation concerns past harm, and, therefore, the recommendation was made properly.

Judge Hodge recommends dismissal of James Donald, Georgia Department of Corrections and Georgia Department of Corrections' Health Service Contractors as defendants. Judge Hodge found that Plaintiff did not alleged that James Donald was personally involved in or causally connected to any of his alleged constitutional deprivations, which was required since respondeat superior or supervisory liability are each unavailable to a plaintiff under 42 U.S.C. § 1983. Judge Hodge also found that since a state and its agencies are not subject to § 1983 liability because they are not "persons," Georgia Department of Corrections should be dismissed as a defendant. Further, Judge Hodge found that denoting Georgia Department of Corrections' Health Service Contractors as defendants rendered service impossible due to vagueness of the entities Plaintiff sought to name. Plaintiff's objection alleges that while Donald was not personally involved in any of his alleged deprivations, he "must have approved" the "indifference practice at all Georgia regarding certain medical conditions" [sic]. Plaintiff's objection also states that Donald "negotiated the contract with health services contractors and together medical policies were adopted, changed or remained purposely ambiguous." Despite Plaintiff's lackluster attempt to belatedly bolster his claim against James Donald, this claim is patently insufficient to establish a causal connection. Additionally, Plaintiff does not dispute that Georgia Department of Corrections' Health Service Contractors are vague entities not amenable to service.

Upon full review and consideration of the record, the Court finds that said Report and Recommendation (Doc. 6) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the

findings made and reasons stated herein. Plaintiff's claims regarding lack of medical care from 1991 to 2003 are hereby **DISMISSED**. Any claims that Plaintiff has purportedly brought against officials at Washington State Prison are hereby **DISMISSED**. Defendants James Donald, Georgia Department of Corrections and Georgia Department of Corrections' Health Service Contractors are **DISMISSED** as defendants from this action.

II.     April 21, 2009 Recommendation: Defendant's Motion to Dismiss

Defendant Keith Jones, Deputy Warden of Care and Treatment at Autry State Prison, during Plaintiff's term of imprisonment at Autry from October 30, 2007, until May 1, 2008 filed a Motion to Dismiss Plaintiff's Complaint. (Doc. 11). Judge Hodge filed a Report and Recommendation (Doc. 40) on April 21, 2009, in which he found Defendant Jones's motion to dismiss should be **GRANTED** for Plaintiff's failure to exhaust administrative remedies. Plaintiff timely filed an objection on May 5, 2009. (Doc. 44). For the following reasons, Plaintiff's Objections (Doc. 44) are **OVERRULED** and United States Magistrate Judge Hodge's Report and Recommendation (Doc. 40) is **ACCEPTED, ADOPTED** and made the Order of this Court.

Judge Hodge found that Plaintiff filed no grievances pertaining to medical treatment while at Autry State Prison, but did file grievances related to theft of property and a check clearance incident. Accordingly, Judge Hodge found that despite Plaintiff's argument that he had grieved the issue of deliberate indifference to a perceived serious medical condition in the past at other prisons to no avail, writing letters to Jones and other Autry State Prison officials was insufficient. Judge Hodge also noted that Defendant Dr. Brown had not been served with Plaintiff's complaint as personal service was attempted, but a written indication placed on the United States Marshal's service form stated there was no Dr. Brown on staff at Autry State Prison.[2] Plaintiff's objection reiterated his view that he raised his medical concerns at other

---

2    Plaintiff's objection does not respond to Judge Hodge's warning that failure to provide a good service address for Defendant Brown would result in a recommendation of dismissal pursuant to Federal Rule of

4

prisons without success and communicated with Autry officials. Plaintiff's argument is unavailing, as courts have no discretion to waive the exhaustion requirement. Further, Plaintiff's admission in his objection that he did not file a grievance while at Autry State Prison and his assertion that "Defendant Jones would have followed the standard policy and denied the grievance" does not mitigate his failure to follow requisite procedures. Accordingly, Judge Hodge's findings and recommendation was appropriate.

Upon full review and consideration of the record, the Court finds that said Report and Recommendation (Doc. 40) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made and reasons stated herein. Plaintiff's claims against Defendant Keith Jones are hereby **DISMISSED**.

III. April 21, 2009 Recommendation: Plaintiff's Motion to Supplement Complaint

Judge Hodge recommends denial of Plaintiff's Notice of Intent to Modify and Supplement Complaint (Doc. 18) in a Report and Recommendation filed April 21, 2009 (Doc. 42). Plaintiff timely filed an objection on May 5, 2009. (Doc. 43) For the following reasons, Plaintiff's Objections (Doc. 43) are **OVERRULED-in-part and SUSTAINED-in-part** and United States Magistrate Judge Hodge's Report and Recommendation (Doc. 42) is **ACCEPTED, ADOPTED subject to the modifications stated herein**.

Plaintiff seeks to add the following as defendants: Dr. Edward Bailey, Robert Bradford, Medical College of Georgia, and Pres. Daniel W. Rahn. (Doc. 18). Judge Hodge found that Plaintiff failed to explain how any of the proposed defendants violated his constitutional rights, and found further that Plaintiff's filing contained no allegations against the named parties, nor

---

Civil Procedure 4(m). (Doc. 44). Plaintiff does respond in another objection, filed May 5, 2005, stating that he erroneously thought Dr. Brown was a doctor, but states further that Dr. Brown is employed at Autry State Prison and the response to the process server was dishonest. The Court notes that Plaintiff has already been apprised of his responsibility to provide a service address to Brown.

5

provided addresses at which they might be served. In his objection, Plaintiff asserts that he did set forth constitutional violations committed by the proposed defendants and appears to allude to his Petition for the Reinstatement of Original Defendants (Doc. 29) filed December 10, 2008.[3] At the outset, the Court notes that Plaintiff's Petition for the Reinstatement of Original Defendants (Doc. 29), did contain addresses at which the proposed defendants might be served.

While *pro se* parties' pleadings are construed liberally, courts are not required to aid litigants in setting forth legally cognizable claims and a review of the docket shows multiple filings by Plaintiff, some with many competing contentions. Plaintiff all but conceded in an objection to a prior recommendation by Judge Hodge that Defendant James Donald was not a proper party, but now seeks a clean slate to reassert Donald's liability and also add the Medical College of Georgia as a defendant. It is unclear whether Judge Hodge considered Plaintiff's Petition for the Reinstatement of Original Defendants (Doc. 29). Nevertheless, upon review of Plaintiff's petition (Doc. 29), the Court agrees with Judge Hodge's recommendation that Plaintiff fails to sufficiently state a constitutional claim against these proposed defendants. Most of Plaintiff's Petition (Doc. 29) is directed to his disagreement with his medical treatment, which is time-barred, as discussed herein. Plaintiff also seeks to resurrect his issues with grievance procedures, which was also discussed herein and does not aid Plaintiff. Further, Plaintiff's own pleadings show that not only was he treated, but several different examinations and treatments were undertaken. It appears that Plaintiff's claims amount to mere disagreement with the course of treatment he received, which is insufficient to maintain the instant action. Plaintiff's scatter-

---

[3] In Plaintiff's Petition for the Reinstatement of Original Defendants he purports to put forth the following as additional defendants: Georgia Correctional Health Care, Dr. Edward Bradford, Director and Medical College of Georgia, Daniel W. Rahn, President. The Court notes the proposed defendants' name discrepancies found in Plaintiff's Notice of Intent to Modify and Supplement Complaint (Doc. 18) and Plaintiff's Petition for the Reinstatement of Original Defendants (Doc. 29).

6

shot approach to pleading a constitutional violation simply falls far short of the requisite bar to maintaining a 42 U.S.C. § 1983 complaint against the proposed defendants.

Upon full review and consideration of the record, the Court finds that said Report and Recommendation (Doc. 42) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings and modifications made and reasons stated herein.  Plaintiff's Notice of Intent to Modify and Supplement Complaint (Doc. 18) which is, in effect, a motion to amend Plaintiff's complaint, is **DENIED**.  Plaintiff's amendment would be futile.

## CONCLUSION

Plaintiff's claims regarding lack of medical care from 1991 to 2003 are hereby **DISMISSED**.  Any claims that Plaintiff has purportedly brought against officials at Washington State Prison are hereby **DISMISSED**. Defendants James Donald, Georgia Department of Corrections and Georgia Department of Corrections' Health Service Contractors are **DISMISSED** as defendants from this action.  Defendant Keith Jones's Motion to Dismiss (Doc. 11) is hereby **GRANTED**.  Plaintiff's motion to amend his complaint, Notice of Intent to Modify and Supplement Complaint (Doc. 18) is **DENIED**.

**SO ORDERED**, this   19th   day of August, 2009.

                                        /s/W. Louis Sands
                                        **THE HONORABLE W. LOUIS SANDS,**
                                        **UNITED STATES DISTRICT COURT**

7